FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 SEP -9  PM 12: 05

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

UNITED STATES OF AMERICA,
Ex rel.
SHAWN PELLETIER,
    Plaintiff,
v.

3:11-CV-911-J-37JRK

FILED IN CAMERA AND UNDER SEAL
DO NOT PLACE IN PRESS BOX
DO NOT ENTER INTO PACER

CENTURY AMBULANCE SERVICE, INC.,
A Florida Corporation,
SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC.,
MEMORIAL MEDICAL CARE, GROUP, INC.,
ORANGE PARK MEDICAL CENTER, INC.,
And
SHANDS JACKSONVILLE MEDICAL CENTER, INC.,
    Defendants.

DEMAND FOR JURY TRIAL

-------------------------------------------------------------

## QUI TAM COMPLAINT

Plaintiff-Relator, Shawn Pelletier, on behalf of himself and the United States of America,

sues Defendants,CENTURY AMBULANCE SERVICE, INC., SOUTHERN BAPTIST

HOSPITAL OF FLORIDA, INC., MEMORIAL MEDICAL CARE, GROUP, INC., ORANGE

PARK MEDICAL CENTER, INC., and SHANDS JACKSONVILLE MEDICAL CENTER,

INC.,as follows:

### JURISDICTION AND VENUE

1.      This action arising under the False Claims Act, 32 U.S.C. 3729-33 (the "False

Claims Act"). Accordingly this Court has jurisdiction pursuant to 28 U.S.C. 1331. Jurisdiction is

also authorized under 31 U.S.C. 3732(a).

2.      Venue lies in this judicial district pursuant to 31 U.S.C. 3731(a) because Defendants qualify to do business in the State of Florida, transact substantial business in the State of Florida, transact substantial business in this judicial district, and can be found here.

3.      Additionally, as herein described, Defendants committed within this judicial district acts proscribed by 31 U.S.C. 3729. Specifically, Defendants have submitted and caused to be submitted false claims for payment for ambulance services in this judicial district and established and maintained false records to get such claims paid by the United States.

## PARTIES

4.      Defendant,Century Ambulance Service, Inc., is a Jacksonville, Florida-based provider of emergency and non-emergency medical transport services. Century Ambulance Services, Inc., [hereinafter referred to as "Century Ambulance"] is a Florida Corporation established on or about February 20, 1981.

5.      Since 1998, Section 158.202(b) of the City of Jacksonville Municipal Ordinance prohibited a person or persons from having an ownership interest - directly or indirectly – in more than one certificate holder of ground emergency medical transportation services. Upon information and belief, during relevant periods of time, Defendant, Century Ambulance Service, Inc., had common ownership interests and/or management with Liberty Ambulance, Inc. of Jacksonville, Florida. Both Defendant Century Ambulance Service, Inc., and Liberty Ambulance, Inc., provided emergency and non-emergency medical transportation services in a common market of Northeast Florida under Medicare and Medicaid.

6.      Plaintiff-Relator, Shawn Pelletier, has been an Emergency Medical Technician (EMT) since 1998. From 2004-2006, Mr. Pelletier was employed by Century Ambulance. In the performance of his duties as an EMT on Century Ambulance's vehicles, Mr. Pelletier witnessed

2

Century Ambulance's practice of falsifying Medicare-required documents and records with the purpose of billing Medicare or Medicaid for ambulance services that were never provided and were medically unnecessary. Additionally, Mr. Pelletier has personal knowledge that Century Ambulance submitted false claims for payment to the United States. As a result of his employment with Century Ambulance, Inc., and his knowledge of their business practices, Mr. Pelletier is convinced that Defendants' fraud constitutes a widespread, systematic practice endemic. The Defendants' fraudulent practices causes him to file this complaint as an original-source relator under the qui tam provisions of the False Claims Act. Contemporaneously with this filing, Plaintiff-Relator is serving on the United States a written disclosure of the material evidence upon which this claim is based.

7.     Under the Federal False Claims Act, 31 U.S.C. 37299(a), etseq., any person having direct, personal knowledge about the violation of the Act, may bring an action on behalf of the United States.

8.     Defendant, Orange Park Medical Center, Inc., [hereinafter referred to as "Orange Park"]is a Florida corporation that operates a hospital in the City of Orange Park, Clay County, Florida.

9.     Defendant, Memorial Health Care,Inc., [hereinafter referred to as "Memorial"] is a Florida corporation d/b/a Memorial Hospital Jacksonville that operates a hospital in the City of Jacksonville, Duval County, Florida.

10.    Defendant, Southern Baptist Hospital of Florida, Inc., [hereinafter referred to as "Baptist"] is a Florida corporation d/b/a Baptist Medical Center that operates a hospital in the City of Jacksonville, Duval County, Florida.

3

11.     Defendant, Shands Jacksonville Medical Center, Inc., [hereinafter referred to as "Shands"] is a Florida corporation that operates a hospital in Jacksonville, Duval County, Florida.

## MEDICARE COVERAGE OF AMBULANCE SERVICES

12.     The United States provides health insurance to eligible citizens through the Medicare program. See, 42 U.S.C. 1395, et seq. Under Medicare "Part B: - Supplementary Medical insurance for the Aged and Disabled – Medicare covers medically necessary ambulance services. Ambulance services are deemed medically necessary "if they are furnished to a beneficiary whose medical condition is such that other means of transportation are contraindicated." 42 CFR 410.40. Although "bed-confinement" is itself neither sufficient nor required as evidence of medical necessity, it is a "factor to be considered." Id. A Medicare beneficiary is bed-confined if three requirements are met "(i) the beneficiary is unable to get up from bed without assistance; (ii) the beneficiary is unable to ambulate; (iii) the beneficiary is unable to sit in a chair or wheelchair." Id.

13.     Medicare imposes an additional requirement for non-emergency, scheduled, repetitive, ambulance services, such as dialysis transport. In addition to itself determining that medical necessity requirements are met, the ambulance service provider *must*, before providing service, obtain a written order from the patient's physician certifying the medical necessity of ambulance transport. See 42 CFR 4101.140(d) (2). Such order is valid for 60 days.

14.     Effective April 1, 2002, CMS established a fee schedule for ambulance services, replacing the previous "reasonable charge" billing procedure. See 41CFR 414.601, et seq. The fee schedule defines several different levels of ambulance service. Payment is made on the basis of services actually performed, rather than on the type of call or vehicle involved. For example,

4

Basic Life Support (BLS) is defined as "transportation by ground ambulance vehicle and medically necessary supplies and services, plus the provision of BLS ambulance services." 42 CFR 414.604. Accordingly, ambulance providers are required to maintain all records demonstrating the medical necessity of transport services billed to Medicare or Medicaid.

**DEFENDANTS' FRAUDULENT SCHEME TO BILL
THE UNITED STATES FOR SERVICES NOT RENDERED
AND FOR UNNECESSARY AMBULANCE SERVICES**

15.     The United States Department of Health and Human Services (HHS) is charged

with the administration of the Medicare program in the State of Florida. As one of its functions,

HHS, through the Healthcare Financing Administration (HCFA), provides health insurance to

aged and disabled Americans pursuant to the provisions of the Medicare program, Title XVIII of

the Social Security Act, Part A, 42 U.S.C. Section 1395, c-i, et seq.

16.     The Medicare program provides covered health care benefits to certain targeted

populations such as those persons who are over age 65, persons who are disabled, or persons

who have end stage renal disease. The Medicare, Part A, programcovers services furnished by

hospitals, home health agencies, hospices, and skilled nursing facilities. The Medicare, Part B

program, covers physicians' services and a range of other non-institutional services, such as

durable medical equipment, diagnostic laboratory tests and x-rays.

17.     HCFA administers the Medicare program. Under Medicare, Part B, HCFA pays

the contractors to process claims for, among other things, physician services, and to make

payments to physicians for covered services rendered under Medicare, Part B.

18.     There are substantially different reimbursement rates under Medicare and

Medicaid for patients that are ambulatory, patients who are wheelchair bound and for patients

who are confined to a bed needing either basic life support (BLS);advanced life support (ALS);

or specialized care transport(SCT).  SCT is also considered critical care.

19.     In order to qualify patients for ambulance transport subject to payment by

Medicare or Medicaid, hospitals must provide to the ambulance services providing the

transportation for each patient, a certificate of medical necessity signed by a nurse or

physician.The certificates of medical necessity are required to obtain reimbursement by Medicare or Medicaid.

20.     The certificate of medical necessity is utilized as supporting documentation for the claim submitted by Defendant,Century Ambulance, to Medicare or Medicaid.

21.     Defendants, Memorial, Baptist, Orange Park and Shands, are health care providers that participate in federally-funded health care programs, including Medicare or Medicaid.

22.     Defendants, Memorial, Baptist, Orange Park and Shands, provided medical treatment to patients under the Medicare or Medicaid program and had a duty to truthfully document and bill for those medical services in a timely, efficient, and accurate manner.

23.     Century Ambulance provided ambulance services to patients under the Medicare or Medicaid program and had a duty to truthfully document and bill for those services in a timely, efficient, and accurate manner.

24.     From 2005 to date, Defendants, Memorial, Baptist, Orange Park and Shands, routinely omitted and/or misrepresented the medical condition of the patient being transported by Century Ambulance on the certificate of medical necessity.

25.     The misrepresentation of the medical condition of the patient on the certificate of medical necessity by Defendants, Memorial, Baptist, Orange Park, and Shands, allowed the respective hospital Defendants to transport the patient without incurring the cost of transportation and, in addition, allowed Defendant Century Ambulance to bill Medicare or Medicaid for the cost of transportation at a higher reimbursement rate than lawful or warranted under the circumstances.

26.     Century Ambulance's primary business in North Florida is the repeat, scheduled, non-emergency transport of patients. Through a systematic scheme of falsifying Medicare-required documents and records, Century Ambulance fraudulently bills the United States for ambulance services that arenot performed or, in the alternative, performed under circumstances contrary to the condition of the patient, in order to obtain the maximum reimbursement by Medicare.Century Ambulance transports these patients by BLSor ALS ambulance. The ambulance transport of such patients is reimbursable by Medicare only if BLSor ALS medical services are actually provided to the patient, for whom such services are medically necessary. In many instances, Century Ambulance patients did not require such BLS or ALS services and did not receive them. Instead, in order to create the appearance that it has performed a BLSor ALS level of service and complied with Medicare requirements - and to get its false claims paid - Century Ambulance systematically engaged in various activities and techniques to improperly increase and fraudulently inflate the amount of reimbursement that Defendant, Century Ambulance, received from Medicare. This resulted in Defendant, Century Ambulance, filing or causing to be filed, false claims to the government under its "patient care report" to reflect clinical characteristics that were not present and medical treatment that was never performed.

27.     Century Ambulance has implemented a scheme of routine, systematic, fraudulent alteration of patient care reports [hereinafter referred to as "PCR"]. These are forms on which Defendant,Century Ambulance,purported to record patient information, clinical characteristics, and services performed. During the relevant period prior to the filing of this complaint, Paramedicsand EMT at Century Ambulance were instructedto submit all PCRs electronically to Century Ambulance's billing supervisors. Plaintiff – Relator and other witnesses have personal

knowledge that patient information was routinely fabricated and altered to falsely indicate services and treatment that were never provided.

28.    Defendant,Century Ambulance, actively altered the run reports submitted by its Paramedics and EMTs to claim reimbursement from Medicare or Medicaid that would otherwise not be allowed or would be allowed, if reported correctly, at lower levels of reimbursement.

29.    Plaintiff-Relator is aware of patients, to whom Century Ambulance provided transportation that was billed to Medicare or Medicaid, or both, who do not require or need transportation.  At the time service was rendered, many of these patients were ambulatory. Patient X [name omitted for confidentiality purposes] is a patient to whom Century Ambulance providednon-emergency ambulance services. Patient Xwas not bed-confined and could ambulate.He was admitted to the hospital, and upon medical release, was transported by Century Ambulance to a skilled nursing facility.   The medical condition of patient X in no way mandated transport by ambulance – he could more efficiently and more comfortably be transferred in a wheelchair van. Instead, Century Ambulance transported this patient by ambulance and falsified PCRs to create the appearance that ambulance care was necessary and actually performed, when it was not. Patient Y [name omitted for confidentiality purposes] is a patient to whom Century Ambulance provided non-emergency ambulance services. Patient Y was not bed-ridden and could ambulate. He was transported to a nursing home in a Century BLS ambulance. The medical condition of Patient Y in no way mandated transport by ambulance – he could more efficiently and more comfortably be transferred in a wheelchair van.  Instead, Century Ambulance transported this patient by ambulance and falsified PCRs to create the appearance that ambulance care was necessary and actually performed, when it was not.

30.     Plaintiff-Relator observed employees of Defendant, Century Ambulance, fraudulently executing Physician Certificates for Ambulance Transport for Defendant Orange Park, Memorial, Shands and Baptist Hospitals in order to obtain reimbursement from Medicare or Medicaid.

31.     Plaintiff-Relator is aware of other information being falsified by Century Ambulance for claims for reimbursement by Medicare or Medicaid. For example, patients who suffer from serious pulmonary conditions require the measurement of their blood oxygenation by means of a pulse oximeter. Century Ambulance Paramedics and EMTs are instructed to fill in plausible information on PCRs to make it appear as though the medical equipment was used, when, in fact, such equipment was either not on board or inoperative. Defendant Century Ambulance thus fabricated Medicare-required patient documents listing services that were not performed.

32.     In addition, pulse oximetry results and other information such as EKG reports are falsified by Defendant, Century Ambulance, as a matter of course. On numerous occasions, Plaintiff-Relator Pelletier submitted PCRs without EKG or pulse oximetry information. Defendant altered the PCRS to fraudulently reflect EKG or pulse oximetery information. Plaintiff-Relator Pelletier has personally witnessed fabricated EKG results. Plaintiff-Relator Pelletier has direct knowledge that Century Ambulance bills unperformed service and unnecessary transport to the United States.

33.     By and through their fraudulent schemes described herein, Defendants regularly and knowingly submitted false records and claims for payments to the United States through Medicare or Medicaid.

34.     The value of false claims submitted by Defendants over the past five (5) years is estimated to be in excess of five million dollars ($5,000,000.00).

## COUNT ONE: FALSE CLAIMS ACT
## PRESENTATION OF FALSE CLAIMS

Plaintiff-Relator adopts and incorporates the paragraphs one through thirty-four as though fully set forth herein.

35.     By and through the fraudulent schemes described herein, Defendant, Century Ambulance, knowingly - by actual knowledge or in deliberate ignorance or with reckless disregard of the truth or falsity of the information -submitted false records or fraudulent claims for payment to officials of the United States, to wit:

(a)     Patient Care Reports recording medical services that were never performed;

(b)     Claims for payment of ambulance services rendered to patients who were not bed-confined or otherwise in need of transport by ambulance;

(c)     Patient Care Reports indicating fabricated clinical data and patient information;

(d)     certifications of compliance with Medicare requirements regarding maintenance of accurate records demonstrating services performed and medical necessity for ambulance transport; all in violation of 31 U.S.C. Section 3729(a)(1).

36.     The United States paid the false claims described herein and summarized in paragraph 35 (a) – (d).

37.     By and through the actions described *supra*, Defendant, Century Ambulance, knowingly made, used or caused to be made or used, false certifications regarding past, present, or future compliance with a prerequisite for payment or reimbursement by the United States through Medicare or Medicaid.

11

38.     The fraudulent actions of Defendant, Century Ambulance, described herein have resulted in damage to the United States equal to the amount paid or reimbursed to Defendant by the United States through Medicare or Medicaid for such false or fraudulent claims.

**WHEREFORE**, Plaintiff-Relator Pelletier demands judgment in his favor on behalf of the United States and himself and against Defendant, Century Ambulance, in an amount equal to treble the damages sustained by reason of Defendants' conduct, together with civil penalties of ten thousand dollars ($10,000.00) for each false claim, twenty-five percent (25%) of the proceeds collected by the United States, reasonable attorneys' fees, costs, interest, and such other, further, or different relief to which Plaintiff-Relator may be entitled.

### COUNT TWO: FALSE CLAIMS ACT
### PRESENTATION OF FALSE STATEMENTS

Plaintiff-Relator adopts and incorporates paragraphs one through thirty-four as though fully set forth herein.

39.     Defendants, Century Ambulance, Baptist, Memorial, Orange Park and Shands, in concert with their principals, agents, employees, subsidiaries, and other institutions, knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the officials of the United States, contrary to 31 U.S.C. Section 3729(a)(2).

40.     Defendants and their principals, agents, and employees conspired to defraud the government by submitting for payment, false statements for fraudulent claims to officials of the United States, in violation of 31 U.S.C 3729 (a)(3).

41.     Defendants' fraudulent actions, together with the fraudulent actions of their principals, agents, employees, and subsidiaries, have resulted in damage to the United States equal to the amount paid by the United States to Defendants.

WHEREFORE, Plaintiff-Relator demands judgment in his favor on behalf of the United States and himself and against Defendants, Century Ambulance, Baptist, Memorial, Orange Park and Shands, in an amount equal to treble the damages sustained by reason of Defendants' conduct and the conduct of its principals, agents, employees, subsidiaries, and other institutions, together with civil penalties of ten thousand dollars ($10,000.00) per false claim, twenty-five percent (25%) of the proceeds collected by the United States, plus reasonable attorneys' fees, costs, interest, and such other, different, or further relief to which Plaintiff-Relator may be entitled.

## COUNT THREE: CONSPIRACY UNDER 31 U.S.C. 3729

Plaintiff-Relator adopts and incorporates paragraphs one through thirty-fouras though fully set forth herein.

42.     Defendants, Century Ambulance, Baptist, Memorial, Orange Park and Shands, in concert with their principals, agents, employees, subsidiaries, and other institutions did agree to submit the false documents described herein to the United States, and the United States did pay those false claims.

43.     Through the acts described above and otherwise, Defendants and their principals, agents, and employees entered into a conspiracy or conspiracies among themselves and with others to defraud the United States and the State of Florida Medicaid program by getting false or fraudulent claims paid by officials of the United States, in violation of 31 U.S.C 3729 (a) (3).

44.     Through the acts described above and otherwise, Defendants and their principals, agents, and employees entered into a conspiracy or conspiracies among themselves to omit disclosing or actively concealing facts which, if known, would have reduced government obligations to them or result in reimbursement or repayment from Defendants to the United

13

States.Defendants have taken substantial steps in furtherance of the conspiracy or conspiracies, *inter alia,* by preparing false reports, certificates of medical necessity, and other records, submitting such records to the United States for approval and/or payments, and directing their principals, agents, and employees not to disclose and/or to conceal Defendants' fraudulent practices.

45.     Defendants' fraudulent actions, together with the fraudulent actions of their principals, agents, employees, and subsidiaries, have resulted in damage to the United States equal to the amount paid by the United States to Defendants.

**WHEREFORE,** Plaintiff-Relator demands judgment in his favor on behalf of the United States and himself and against Defendants, Century Ambulance, Baptist, Memorial, Orange Park and Shands, in an amount equal to treble the damages sustained by reason of Defendants' conduct and the conduct of its principals, agents, employees, subsidiaries, and other institutions, together with civil penalties of ten thousand dollars ($10,000.00) per false claim, twenty-five percent (25%) of the proceeds collected by the United States, plus reasonable attorneys' fees, costs, interest, and such other, different, or further relief to which Plaintiff-Relator may be entitled.

Pursuant to Rule 38, Fla.R.Civ.P. Plaintiff-Relator demands trial by jury.

Date:September 7, 2011.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                                 ) ss
COUNTY OF DUVAL      )

        Plaintiff, Shawn Pelletier, having first been duly sworn and upon oath, deposes and says as follows:

1.      I am a Plaintiff in this civil proceeding.

2.      I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.      I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

 

                                                 _____
                                                 Shawn Pelletier

Subscribed and sworn to before me
this September 7, 2011.

_____
Notary Public, State of Florida
My Commission Expires:

Affiant is

___ Personally Known

Notary Public State of Florida
Evelyn Boehme
My Commission DD837876
Expires 11/14/2012

_____ Produced as Identification: _____

                                   **LAW OFFICE OF GEORGE K. BREW**

                                   **GEORGE K. BREW, ESQUIRE**
Florida Bar No. 854379
6817 South point Parkway #1804
Jacksonville, Florida 32216
Telephone 904/354-4741
Telecopier 904/354-8001

                                   **CLYDE M. COLLINS, JR., ESQUIRE**
Florida Bar No. 342688
233 East Bay Street #920
Jacksonville, Florida 32202
Telephone 904/355-0805
Telecopier 904/634-1507
Attorneys for Plaintiff-Relator

## CERTIFICATE OF SERVICE

On this September 9, 2011, Plaintiff-Relator hereby certifies that in compliance with Rule 4 of the Federal Rules of Civil Procedure, service of the *Qui Tam* Complaint has been executed as follows:

By Hand Delivery to:

United States Attorney – Middle District of Florida
Bryan Simpson United States Courthouse
300 North Hogan Street #700
Jacksonville, Florida 32202

And By United States Mail, Certified Delivery, Return Receipt Requested to:
Attorney General of the United States
Department of Justice
950 Pennsylvania Avenue, North West
Washington, District of Columbia 20530-0001

GEORGE K. BREW, ESQUIRE

Cc/pelletier/complaint 09 07 2011